IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JERRY DEWAYNE WASHINGTON JR.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CASE NO. 6:24-CV-00310-EG-DTG** |
| | § | |
| **CATERPILLAR INC.,** | § | |
| *Defendant* | § | |

REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>

TO: THE HONORABLE ERNEST GONZALEZ,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 12). After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED** and the case be **DISMISSED WITHOUT PREJUDICE.**

### I.  BACKGROUND

This is a suit brought by Plaintiff Jerry Dewayne Washington Jr., proceeding *pro se*, against Defendant Caterpillar Inc. for infringement of U.S. Patent No. 7,108,095 (the "'095 Patent"). ECF No. 1. Plaintiff alleges that a variety of Defendant directly and indirectly infringes the '095 Patent by making, using, selling, and offering to sell a variety of Defendant's products. ECF No. 1 at ¶¶ 14-16; *see generally* ECF No. 1-3.

1

On August 28, 2024, Defendant moved under Federal Rule of Civil Procedure 12(b)(6) that Plaintiff failed to plausibly allege infringement of the '095 Patent (ECF No. 12). On November 11, 2024, Plaintiff responded (ECF No. 17). On September 18, 2024, Defendant replied (ECF No. 18).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### III.   ANALYSIS

Plaintiff's Complaint must be dismissed because it fails to support any plausible inference that at least one of Defendant's accused products satisfies every element of any claim of the '095 Patent. Stating a viable claim for infringement requires Plaintiff to plead facts that plausibly suggest that an accused product meets each limitation of an asserted claim. *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019); *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir. 2016) (stating that the infringement inquiry asks if an accused device contains every claim limitation or its equivalent). Plaintiff's Original Complaint includes two exhibits. Exhibit 1 is a copy of the asserted patent, U.S. Patent Number 7,108,095. ECF No. 1-2. Exhibit 2 is supposed to be "charts

3

comparing the '095 Patent Claims to the Defendant's products." ECF No. 1 ¶ 10. Exhibit 2, however, is labeled "Evidence of Infringement of the '078 patent," which is not the patent asserted in the Complaint. ECF No. 1-3 at 4. Plaintiff's chart goes on to mix and match unlabeled photographs, snippets of unasserted patent specifications, and unidentifiable patent application publications in a claim chart to allege infringement of the '095 Patent. *See, e.g.*, ECF No. 1-3 at 4-14. For example, as to the second element of claim 1, Plaintiff identifies "the caterpillar power shift transmission," and includes an image of the cover of U.S. Patent No. 10,608,497—another patent not asserted in this case. *Id.* at 5-6. As another example, for the fourth element of claim 1, Plaintiff identifies an unlabeled image of a generator and includes an image of a highlighted segment of an unidentified patent application publication. *Id.* at 7. Nowhere does Plaintiff demonstrate how a single product made, used, sold, offered for sale, or imported by Defendant contains every element of any claim of the '095 Patent. Plaintiff fails to describe how Defendant allegedly infringes all the elements of the '095 patent, and fails to state a plausible claim. Thus, Plaintiff's direct infringement claims must be dismissed. Because Plaintiff failed to adequately plead a claim for direct infringement, Plaintiff's claims for indirect infringement must also be dismissed. *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1:14-cv-00134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) (a claim for indirect infringement requires an underlying act of direct infringement).

### IV.  RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge that Defendant's Motion to Dismiss (ECF No. 12) be **GRANTED** and the case be **DISMISSED WITHOUT PREJUDICE.**

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 3rd day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE