UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
MAR 11 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| JERRY DEWAYNE WASHINGTON, JR.<br>*Plaintiff,*<br><br>v.<br><br>CATERPILLER, INC.<br>*Defendant.* | §<br>§<br>§<br>§<br>§   Case No.: WA:24-CV-00310-EG-1<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of the United States Magistrate Judge Derek Gilliland, ECF 36, which contains his findings, conclusions, and recommendation for the disposition of Defendant Caterpillar, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). ECF 12. Upon review of the record and pleadings, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Caterpillar, Inc.'s Motion.

On June 7, 2024, Plaintiff Jerry Dewayne Washington, Jr. filed this civil action *pro se* against Caterpillar alleging direct and indirect infringement of U.S. Patent No. 7,108,095 by making, using, selling, and offering to sell a variety of Caterpillar's own products. ECF 1 at 1–3, 14–16. On August 28, Caterpillar filed its Motion. ECF 12. Washington, Jr. responded on September 11. ECF 17. Caterpillar submitted its Reply on September 18. ECF 18. Finally, the Magistrate Judge entered his Report and Recommendation on March 3, 2025. ECF 36.

The Report and Recommendation comes to the Court pursuant to 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); and Rules (1) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. A district court must review de novo "those portions of the report

1

or specified proposed findings or recommendations to which [timely] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3); *Walker v. Savers*, 583 F. App'x 474, 474–75 (5th Cir. 2014). In conducting a de novo review, a court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). But where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *Id.* at 1221.

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court can dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). The plaintiff is not required to prove its case at the pleading stage. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). Ultimately, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal at the pleading stage, a complaint must "state enough facts such that the claim to relief is plausible on its face." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.* As it concerns patent infringement, a complaint must plead

facts that plausibly suggest an accused product meets each limitation of an asserted claim. *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir. 2016).

Here, the Magistrate Judge found that "[n]owhere does Plaintiff demonstrate how a single product made, used, sold, offered for sale, or imported by Defendant contains every element of any claim of the '095 Patent." ECF 36 at 4. The Magistrate Judge went on to find that "Plaintiff fails to describe how Defendant allegedly infringes all the elements of the '095 patent, and fails to state a plausible claim." *Id.* As such, it is advised that the claims must be dismissed. *Id.*

No objection to the Report and Recommendation has been filed within the 14 days provided. ECF 36 at 5. Therefore, and after consideration of the findings and pleadings, the Court concludes the Report and Recommendation is correct and that the Magistrate Judge made no clear error, abuse of discretion, or finding contrary to law.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation, ECF 36, is **ADOPTED**, and Defendant Caterpillar, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF 12, is **GRANTED**.

**SIGNED**, this 11th day of March 2025.

_____
ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE