FILED
April 07, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JP_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JERRY DEWAYNE WASHINGTON, JR.** §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>**CATERPILLER, INC.** §<br>*Defendant.* §<br>§ | Case No.: **WA:24-CV-00310-EG** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of the United States Magistrate Judge Derek Gilliland, ECF 36, which contains his findings, conclusions, and recommendation for the disposition of Defendant Caterpillar, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). ECF 12. Upon review of the record and pleadings, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Caterpillar, Inc.'s Motion.

### I. BACKGROUND

On June 7, 2024, Plaintiff Jerry Dewayne Washington, Jr. filed this civil action *pro se* against Caterpillar alleging direct and indirect infringement of U.S. Patent No. 7,108,095 by making, using, selling, and offering to sell a variety of Caterpillar's own products. ECF 1 at 1–3, 14–16. On August 28, Caterpillar filed its Motion. ECF 12. Washington, Jr. responded on September 11. ECF 17. Caterpillar submitted its Reply on September 18. ECF 18. The Magistrate Judge entered his Report and Recommendation on March 3, 2025. ECF 36. Following this, Washington, Jr. filed a Motion for Leave to File an Amended Complaint and Objection to the Report and Recommendation, (the "Motion for Leave to Amend"). ECF 38. Caterpillar responded on March 18. ECF 39. Washington, Jr. then provided a Responsive Claim Construction Brief, ECF

1

40, on March 21, and Caterpillar replied on March 27. ECF 41. The Magistrate Judge then took these filings under consideration and entered the Order Denying Leave to File an Amended Complaint, (the "Order Denying Leave to Amend"), ECF 42, on March 31. This Court now turns to the Report and Recommendation, Washington, Jr.'s objection, and the Order Denying Leave to Amend, to make its ruling.

## II. LEAGL STANDARD

The Report and Recommendation comes to the Court pursuant to 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b);[1] and Rules (1) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. A district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which [timely] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3); *Walker v. Savers*, 583 F. App'x 474, 474–75 (5th Cir. 2014). In conducting a *de novo* review, a court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). But where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *Id.* at 1221.

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient." FED. R. CIV. P. 72(b).

court may dismiss a complaint that fails to meet this standard. FED. R. CIV. P. 12(b)(6). The plaintiff is not required to prove their case at the pleading stage. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). Ultimately, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). To survive dismissal at the pleading stage, a complaint must "state enough facts such that the claim to relief is plausible on its face." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but the Court is not required to accept the plaintiff's legal conclusions as true. *Id.* As it concerns patent infringement, a complaint must plead facts that plausibly suggest an accused product meets each limitation of an asserted claim. *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir. 2016).

### III. ANALYSIS

It is true that pro se complaints are to be construed liberally. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). But it is also true that pro se litigants must "fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)) (internal quotations omitted). Further, FED. R. CIV. P. 72(b) provides in part that objections to a report and recommendation must be "specific."

Here, Washington, Jr. makes no such objection. Instead, he simply states that he "objects to the recommendation to dismiss and request leave to file a first amended complaint." ECF 38 at

2. No further specificity is provided. It is clear after a brief survey of cases in courts throughout the Fifth Circuit that such an objection is no objection at all.[2] As described in the Report and Recommendation, "[n]owhere does Plaintiff demonstrate how a single product made, used, sold, offered for sale, or imported by Defendant contains every element of any claim of the '095 Patent." ECF 36 at 4. The Magistrate Judge went on in the Order Denying the Motion for Leave to Amend that "Plaintiff fails to describe how Defendant allegedly infringes all the elements of the '095 patent, and fails to state a plausible claim." *Id.* at 2. The Magistrate Judge went on to conclude that the "bare bones motion to amend is futile because it does not apprise the Court of any additional facts that [Washington, Jr.] would plead in his amended complaint." *Id.* at 3. Indeed Washington, Jr. "admits that the attached claim chart does not contain any corrections to the deficiencies identified by the Court." *Id.* Because no specific objection can be discerned, none will be considered.[3]

Ultimately, the lack of "supporting facts or any kind of explanation, [did] not entitle Plaintiff to amend his Complaint." *Id.* Similarly, the lack of any additional information, claim, or explanation preclude this Court from entertaining even a liberally-construed objection here. Without proper objection, and after reviewing the various findings and pleadings, the Court

---

[2] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996); *see also Cuza v. Day*, No. CV 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023); *Peterson v. Day*, 2022 WL 16758322, at *2 (E.D. La. Nov. 8, 2022) (quoting *Stone v. Director*, TDCJ-CID, 2022 WL 980792, at *3 (N.D. Tex. 3/7/2022)); *Arteaga v. Cinram-Technicolo*, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022); *Vazquez v. H.S.I.*, No. 5:21-CV-00164, 2022 WL 773912, at *1 (S.D. Tex. Feb. 25, 2022), *report and recommendation adopted*, No. 5:21-CV-00164, 2022 WL 772965 (S.D. Tex. Mar. 14, 2022); *Daniels v. Georgia Pac. Corp.*, No. 9:21-CV-31, 2021 WL 4844804, at *2 (E.D. Tex. Oct. 18, 2021); *Frias v. Frias*, 2019 WL 549506, at *2–3 (M.D. Tenn. Feb. 12, 2019).

[3] Of further concern to the Court is the fact that Washington, Jr. did not follow the Court's Local Rules by attaching a copy of his proposed First Amended Complaint, did not confer or attempt to confer with Caterpillar regarding the Motion for Leave to Amend, and construing to the Magistrate Judge that he had done so. ECF 38 at 3.

4

concludes the Report and Recommendation is correct and upholds the Magistrate Judge's ruling as not clearly erroneous or contrary to law.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation, ECF 36, is **ADOPTED,** and Defendant Caterpillar, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF 12, is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff Gerry Dewayne Washington, Jr.'s claim is **DISMISSED WITHOUT PREJUDICE** and that the Clerk's Office close this case.

**SIGNED**, this 7th day of April 2025.

_____
ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE